IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY HAKE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CV-389-SMY-MAB |
| SHABBIR SAFDAR, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Mary Hake filed a Complaint in this action on April 13, 2017, alleging that Defendant Shabbir Safdar committed assault and battery while conducting a medical examination (Doc. 1). Summons was issued the next day at the address provided by Plaintiff; 4921 Parkview Places, St. Louis, MO 63110 (Doc. 5). That address appears to be an office on the campus of Barnes-Jewish Hospital. Summons was returned executed on May 9, 2017. (Doc. 11). The return appears to state that service was attempted at 2325 Dougherty Ferry Road, Kirkwood, MO (which is an office on the campus of St. Luke's Des Peres Hospital) and that Defendant was served at 4921 Parkview Place. The return does not indicate whether Defendant was personally served or whether the Summons and Complaint were merely left at the office.

Shortly after Summons was returned executed, Plaintiff requested another Summons listing the 2325 Dougherty Ferry Road address (Doc. 12). That request was stricken by the Clerk at Plaintiff's request 2 days later (Doc. 13). No further action was taken by Plaintiff.

On May 29, 2018, this Court issue an Order to Show Cause directing Plaintiff to show cause why this matter should not be dismissed for want of prosecution (Doc. 16). In response, Plaintiff states that she "has been treating" and that she is "trying to finalize damages" in order to

file a motion for entry of default. While Plaintiff's response does not explain why she waited over a year to take action in this matter, the Court discharges the Show Cause Order. *See e.g. Webber v. Eye Corp.*, 721 F.2d 1067, 1070 (7th Cir. 1983) ("A dismissal with prejudice is particularly disfavored with relatively young cases, such as the [18 month old] one before us.").

Plaintiff is **DIRECTED** to file a Notice with the Court within 15 days of the date of this Order, explaining how service of process is consistent with Federal Rule of Civil Procedure 4(e). Specifically, Plaintiff shall advise the Court and provide it with documentation, if any, showing whether Defendant was personally served or whether he was served consistent with Illinois and/or Missouri law.

**IT IS SO ORDERED.**

**DATED: February 6, 2019**

                                          **s/ Staci M. Yandle**
                                          **STACI M. YANDLE**
                                          **United States District Judge**